**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SWARAJ SINGH,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-72309<br><br>Agency No. A089-318-735<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 9, 2014
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Swaraj Singh petitions this court for review of the Board of Immigration

Appeals's ("BIA") denial of his claims for asylum, withholding of removal, and

protection under the Convention Against Torture. For the reasons stated herein, we

grant the petition.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA commits reversible error when it "fail[s] to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). The BIA denied Singh's asylum application based, in part, on its conclusion that Singh had not established past persecution. However, in drawing that conclusion, the BIA considered only Singh's "questioning by the Indian police and being punched in the face." It made no mention of Singh's allegations that Khalistan Liberation Force ("KLF") members threatened to kill him and held a gun to his head, or of the murder of Singh's brother, Gobinder. These facts formed an important basis of Singh's asylum claim, and the BIA erred in failing to consider them for two reasons.

First, "we have consistently held that death threats alone can constitute persecution," *Navas v. I.N.S.*, 217 F.3d 646, 658 (9th Cir. 2000) (collecting cases), and where death threats are combined with physical violence or displays of imminent force, a petitioner is even more likely to be able to establish past persecution. *See, e.g.*, *Ruano v. Ashcroft*, 301 F.3d 1155, 1160 (9th Cir.2002) (finding past persecution where petitioner was threatened by men who had "closely confronted" him and drawn their pistols in his presence). Thus, Singh's statement that the KLF members held a gun to his head when they threatened him was a

2

particularly important aspect of his claim to consider in assessing whether he had experienced past persecution.

Second, applicants can establish past persecution when threats are coupled with harm to people close to the applicant. *See, e.g.*, *Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004) (holding that threats combined with the murder of a fellow preacher constituted past persecution). Therefore, the BIA should have considered the KLF members' threats in conjunction with his brother Gobinder's murder.

The BIA erred in failing to consider two of the essential aspects of Singh's claim of past persecution, and we remand so that it may do so. We note that Singh argued that he was targeted on account of imputed political opinion before the BIA, and the BIA appeared to conduct its analysis of the police's treatment of Singh under the assumption that, were Singh to establish persecution, this would be the protected ground underlying his claim. Should the BIA determine that these incidents amount to past persecution, it should reconsider whether Singh was targeted on account of a protected ground.

**Petition GRANTED and REMANDED.**

_Swarag Singh v Holder 12-72309_

CALLAHAN, Circuit Judge, dissenting.

I respectfully dissent. In order to obtain asylum, a petitioner must show that he was or will be persecuted based on a protected ground. 8 U.S.C. § 1158(b)(1)(B)(I). In my view, the BIA's determination that Petitioner Singh had not made the required showing was based on substantial evidence.

Here, the BIA held that Singh failed to show any persecution on account of an imputed political opinion. It is true that a petitioner may show he has been persecuted on account of an imputed political opinion when he is accused by the police of terrorism based solely on his relationship with a known terrorist. *See Singh v. Holder*, 764 F.3d 1153, 1159–60 (9th Cir. 2014). However, the BIA's finding in this case that Singh failed to show past persecution on account of an imputed political opinion was based on substantial evidence because the few instances of police questioning that he endured did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment, not persecution); *cf. Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004), (finding persecution when the police threatened the petitioner after torturing, killing, and dragging a fellow preacher's body through the streets). Further, in his petition to the Ninth Circuit, Singh disclaims any argument that he was persecuted on account of an imputed political opinion.

*See* Pet'r's Br. at 30 ("Mr. Singh never claimed to have been persecuted on account of his actual or imputed political opinion . . . ."). Thus, Singh waived this argument on appeal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (noting that the court generally will not "take up arguments not raised in an alien's opening brief.").

Despite having only argued to the BIA that he had been persecuted on account of an imputed political opinion, Singh now faults the BIA for failing to consider whether he had been persecuted on account of his religion or membership in a particular social group. However, the BIA cannot be faulted for its failure to consider arguments that a petitioner never properly raised before it. *See* 8 U.S.C. § 1252(d)(1) (stating that a petitioner must exhaust all remedies before judicial review of a final order of removal is appropriate); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009) (interpreting the statute as barring appellate consideration of issues not raised before the BIA). Further, Singh even now does not explain how he was persecuted on account of his religion or social group. Nor does he identify his social group. Thus remand to consider whether he was persecuted on another protected ground is not warranted.[1]

---

[1] Singh recently filed a motion to reopen with the BIA based on his conversion to Christianity in October 2012. *See* Pet'r's Mot. to Stay Proceedings, September 11, 2014, ECF No. 25. It is unclear whether any of his current claims are moot in light of this conversion, though that motion is not at issue in the instant

Because the BIA's conclusion that Singh failed to show past persecution on account of an imputed political opinion was based on substantial evidence, and because Singh failed to raise before the BIA the argument that he had been persecuted on some other protected ground, I would deny Singh's petition.

petition.